UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent/ Plaintiff,<br><br>v.<br><br>MATTHEW PIERCE,<br><br>Petitioner/ Defendant. | Case No. 3:13-cr-00052-LRH-WGC<br><br>ORDER |

Defendant Matthew Pierce moves for a compassionate release (ECF No. 39), under 18 U.S.C. § 3582(c)(1)(A). The Government filed an opposition (ECF No. 42), and Defendant replied (ECF No. 43). For the reasons contained within this Order, the Court grants Pierce's motion.

**I.     BACKGROUND**

Between August 20, 2012, and December 5, 2012, Washoe County Sheriff's detectives identified IP address 108.194.162.204, as having numerous child pornography files available. An administrative subpoena identified Defendant Matthew Pierce as the account holder of internet service at that IP address. On February 22, 2013, federal agents and local law enforcement executed a search warrant of Defendant's residence and found hard drives and CD/DVDs that contained images and videos depicting child pornography. On May 1, 2013, Pierce was indicted on two charges: (1) distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) and (b); and (2) receipt of child pornography, in violation of 18 U.S.C. § 2255A(a)(2) and (b). Pierce pled guilty to the possession charged in Count II and on March 5, 2014, the Court sentenced him to 121-months imprisonment, followed by lifetime supervised released. He is serving his sentence

at FCI Lompoc, a minimum-security prison, located in Lompoc, California. Pierce is due to be released January 14, 2023.

## II.     LEGAL STANDARD

Under 18 U.S.C. § 3582(c), "the court may not modify a term of imprisonment once it has been imposed," except under specified conditions. For a motion brought under § 3582(c)(1)(A)(i), those specified conditions include the exhaustion of administrative remedies or the Bureau of Prison's inaction for thirty days. Pierce indicates that he submitted a request for compassionate release sometime in 2020, and that his counsel submitted a supplemental petition via email on September 23, 2020. *See* ECF No. 39 at 3; ECF No. 39-1. On October 9, 2020, Pierce indicated to counsel that he had received a response from his email that "looked like a carbon copy of the earlier denial." ECF No. 39-2. While it is not clear from this record that Pierce satisfied the exhaustion requirement, the Government concedes the issue. *See* ECF No. 42 at 8. Therefore, the Court will decide Pierce's motion on the merits.[1]

18 U.S.C. § 3582(c)(1)(A) provides:

> [T]he court, . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses, for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

The relevant United States Sentencing Guidelines policy statement provides that the Court may reduce a term of imprisonment if the Court determines that:

> (1)     (A) extraordinary and compelling reasons warrant the reduction; or

---

[1] *See United States v. Rodriquez-Acedo*, Case No. 19-cr-03539, 2020 WL 4192289, at *2 (S.D. Cal. July 21, 2020) (finding that while "exhaustion is mandatory, the government may waive the exhaustion requirement by asking the court to consider the substantive merits of a defendant's motion.").

2

> (B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. 3142(g); and
>
> (3) the reduction is consistent with this policy statement.

U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 (U.S. SENTENCING COMM'N 2018). Extraordinary and compelling reasons include (1) the medical condition of the defendant, (2) the age of the defendant, (3) family circumstances, or (4) any other extraordinary or compelling reason, as determined by the Director of the Bureau of Prisons. *Id.* § 1B1.13 app. n.1.

## III. DISCUSSION

The Court finds, and the Government concedes, that extraordinary and compelling reasons exist in this case. The Court finds that Pierce is suffering from numerous health concerns: he currently suffers from Type II Diabetes, hypertension, hyperlipidemia, hyperthyroidism, chronic kidney disease, as well as fatigue, shortness of breath, and pain in his extremities as a result of contracting and being hospitalized with the COVID-19 virus in late April and early May 2020. His COVID hospitalization followed a December 2019 hospitalization for bilateral bacterial pneumonia.

At 60 years old, Pierce has served almost 75 percent of his total 121-month sentence. While the Bureau of Prisons is reporting that no inmates or staff member are positive for the virus at FCI Lompoc, that 682 inmates and 19 staff have "recovered" from the virus, there have been two inmate deaths from the virus.[2] And the Court is concerned by the reports and the pending class action lawsuit regarding the conduct at Lompoc. The Court finds that given these considerations, extraordinary and compelling reasons warrant a reduction in Pierce's sentence to time served.

The section 3553(a) factors further support early release. Pierce was convicted of a serious crime—receipt of child pornography—and admitted facts that show he was in possession of an extraordinary number of images and videos, including materials that constituted sadistic or masochistic conduct. The Court notes that while egregious, his conduct did not include either the

---

[2] https://www.bop.gov/coronavirus/ (last visited December 11, 2020).

3

production of or distribution of the child pornography. The record also supports that prior to this conviction, Pierce had no criminal history. The Court recognizes Pierce's success at Lompoc: he has taken several science courses, completed the Conquer Series "Battle Plan for Purity," and he had no serious infractions while incarcerated. Additionally, he has continued family support and, upon his release, a family member's home to reside in. Given all of these considerations, the Court finds that a sentence of time served reflects the seriousness of his crimes, promotes respect for the law, provides adequate punishment for his crimes, and adequately deters this conduct. The Court is further persuaded that Defendant will not engage in this type of conduct when released and finds that he is no longer a threat or danger to the public.

### IV.   CONCLUSION

IT IS THEREFORE ORDERED that Defendant's motion for compassionate release (ECF No. 39) is **GRANTED.**

IT IS FURTHER ORDERED that Defendant's motion for leave to file exhibit under seal (ECF No. 40) is **GRANTED** because Defendant's medical history is protected by HIPAA.

IT IS FURTHER ORDERED that the Court reduces Pierce's 121-month sentence to **TIME-SERVED**, making him eligible for immediate release.

IT IS FURTHER ORDERED that upon release from imprisonment, Pierce shall remain on lifetime supervised release and shall be subject to the conditions of supervision previously imposed by the sentencing Court.

IT IS FURTHER ORDERED that Pierce's release be delayed 14 days to ensure a sufficient period of quarantine so that he will not potentially infect his family, and allow the Bureau of Prisons time to complete the statutory requirements prior to his release.

IT IS SO ORDERED.

DATED this 14th day of December, 2020.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE